[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

No. 07-14950
Non-Argument Calendar
_____

BIA Nos. A88-244-345 &A88-244-346

LEIDYS MERCEDES VALERA MARTINEZ,
GABRIEL EDUARDO DAMALIS VALERA,
DANIEL EDUARDO DAMALIS VALERA,

                                                                          Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 28, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Leidys Mercedes Valera Martinez and her sons, Daniel Eduardo Damalis

Valera and Gabriel Eduardo Damalis Valera (hereinafter collectively "Martinez"), petition for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") denial of her claims for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). After review, we dismiss in part and deny in part Martinez's petition for review.

Martinez and her sons, natives and citizens of Venezuela, arrived in Miami, Florida on November 11, 2004 as non-immigrant visitors authorized to stay until August 21, 2005. In January 2007, Martinez filed an asylum application claiming she was persecuted in Venezuela based on her political opinion and membership in a particular social group. The Department of Homeland Security charged Martinez and her sons with removability for remaining in the United States beyond the authorized period, in violation of the Immigration and Nationality Act ("INA") § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

Following a hearing at which Martinez testified and conceded removability, the IJ denied all requested relief. The IJ concluded that Martinez's asylum application was untimely. Further, the IJ found Martinez's testimony was not credible, gave no weight to a letter from her Venezuelan neighbor because it was too vague and general, and concluded that Martinez was ineligible for asylum,

2

withholding of removal and CAT relief.

The BIA dismissed Martinez's appeal, noting she had argued only that she suffered past persecution and had a well-founded fear of future persecution and had not challenged either the IJ's adverse credibility finding or the untimeliness of her asylum application. The BIA concluded that Martinez's failure to challenge these bases for the IJ's denial of the application meant there was no error in the IJ's decision. Martinez filed this petition for review.[1]

To the extent Martinez challenges the IJ's adverse credibility determination, we lack jurisdiction to review this claim because Martinez did not exhaust it in her appeal to the BIA. See INA § 242(d)(1), 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006). Likewise, we lack jurisdiction to review Martinez's newly-raised claim that her due process rights were violated by the IJ's alleged bias. See Amaya-Artunduaga, 463 F.3d at 1251. Thus, we dismiss Martinez's petition as to these claims.

As to Martinez's claims for withholding of removal and CAT relief,

---

[1]We review only the BIA's decision except to the extent the BIA expressly adopts the IJ's opinion or reasoning. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA issued its own opinion upholding the IJ's adverse credibility determination and the untimeliness of Martinez's asylum application and rejecting the rest of her appeal. Thus, we review only the BIA's decision. We review legal issues de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247 (11th Cir. 2001). The BIA's factual findings are reviewed under the substantial evidence test. Al Najjar, 257 F.3d at 1283. Under the substantial evidence test, "we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003).

3

substantial evidence supports the BIA's decision.[2]  While the 2006 United States

Country Report on Venezuela indicates that some protestors against the

Venezuelan government have been harmed by security forces during

demonstrations, the only evidence that Martinez participated in these protests came

from her discredited testimony.  A letter from her neighbor stated in conclusory

fashion that the neighbor had "personally witnessed the persecution and multiple

threats" Martinez was subjected to "by persons unknown, forcing [Martinez] to

change houses with all her family."  The letter did not provide any details of the

persecution or threats or identify who made the threats or the reasons for them.

The neighbor's letter and the 2006 Country Report do not compel a conclusion that

Martinez personally suffered past persecution or has a well-founded fear of

persecution should she return to Venezuela or that she is entitled to CAT relief.[3]

**PETITION DISMISSED IN PART AND DENIED IN PART.**

---

[2]An alien is entitled to withholding of removal if she can show that her life or freedom would be threatened on account of a protected ground.  INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A); Mendoza, 327 F.3d at 1287.  The alien bears the burden to show either that she suffered past persecution or that she has a well-founded fear of future persecution.  Mendoza, 327 F.3d at 1287; see also 8 C.F.R. § 208.16(b)(1)-(2).  To be eligible for CAT relief, an alien must prove that she more likely than not would be tortured if returned to the country in question. Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004); see also 8 C.F.R. § 208.16(c)(2).

[3]On appeal, Martinez does not challenge the denial of her asylum petition as untimely. Therefore, we do not address this claim further.  See Mendoza, 327 F.3d at 1286 n.3.

4